# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANDREA R. as parent and next friend of H.R., a minor,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | 2:19-cv-00752-SGC |
| **DIOCESE OF BIRMINGHAM, IN ALABAMA and SACRED HEART OF JESUS CATHOLIC SCHOOL,** ) ) ) ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Plaintiff, by and through her undersigned counsel, and files her Response to Defendant Diocese of Birmingham in Alabama and Defendant Sacred Heart of Jesus Catholic School's (hereinafter collectively "Defendants") Joint Motion for a More Definite Statement. Plaintiff respectfully requests that the Court deny Defendants' Motion and shows unto the Court the following:

## STANDARD OF REVIEW

A court may grant a motion for a more definite only if the complaint is "so vague or ambiguous that the [responding] party cannot reasonably prepare a

1

response." Fed. R. Civ. P. 12(e); *See, e.g., Satterfield v. Bd. of Trs. of the Univ. of Ala.*, No. 2:15-cv-1549-KOB, 2016 U.S. Dist. LEXIS 189275, at *8 (N.D. Ala. Feb. 26, 2016)(noting that "Rule 12(e) sets out a very high standard by which the court is to determine whether to grant a motion for a more definite statement."). The moving party "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Rule 12(e) acts in conjunction with Rule 8(2)(a), which requires only a "short and plain statement of the claim," and Rule 10(b)'s requirement that claims and be presented in numbered paragraphs. *Weiland v. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

## ARGUMENT

### I. Plaintiff's Complaint Adequately Puts Defendants on Notice of the Claims Against Them

Defendants' Motion does not correspond to a party's need for a more definite statement. For responding parties, "[a] Rule 12(e) motion is an appropriate response to a "shotgun pleading."" *Downing v. Midland Funding, LLC*, No. 2:15-cv-00737-RDP, 2016 U.S. Dist. LEXIS 3484, at *3, (N.D. Ala. Jan. 12, 2016). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type […] is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that

> commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1321-2. While Plaintiff's Complaint adopts the allegations of preceding counts, this fact does not make the Complaint so confusing so as to not provide notice to the Defendants of the claims against them. *See, e.g., Baker v. Nucor Steel Birmingham Inc.*, 2:17-cv-01863-KOB, 2018 U.S. Dist. LEXIS 99013, at *15 (N.D. Ala. June 13, 2018)(declining to order repleading on this basis where the "complaint contains few factual allegations and only two counts"). Defendants' incorrectly assert in their Motion that Plaintiff fails "to designate a single specific instance or incident" or "even approximately" when incidents occurred. (Doc. 6, p. 6). On the contrary, the Complaint describes H.R.'s disability, provides specific dates of incidents, names a decisionmaker at the school, and describes adverse effects to H.R.'s education. (Comp. ¶ ¶ 8-18). Plaintiff's factual allegations are material to the clearly identified "Count One" cause of action under Section 504 of the Rehabilitation Act of 1973. (Comp. p. 5). For her breach of contract claim, Plaintiff provides additional facts by citing the relevant student handbook. (Comp. ¶ ¶ 25-28).

Although Defendants may prefer the Plaintiff to have pleaded differently, "this is not a situation where a failure to more precisely parcel out and identify the facts

relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Weiland*, 792 F.3d at 1324. The Complaint provides notice of what the Defendants were alleged to have done and why they were liable for doing it. *Weiland*, 792 F.3d at 1324; *See also, Downing*, 2016 U.S. Dist. LEXIS 3484, at *3. At a minimum, Defendants' can reasonably prepare a response under Fed. R. Civ. P. 8(b)(5) stating that they "lack knowledge or information sufficient to form a belief about the truth of an allegation." *Baker*, 2018 U.S. Dist. LEXIS 99013, at *14.

## II. Defendants' Motion Improperly Uses Rule 12(e) to Circumvent the Discovery Process

Defendants' Motion seeks information at the initial pleading stage that Plaintiff has no obligation to provide until discovery. Courts routinely hold that "a party may not use a Rule 12(e) motion to obtain information that can otherwise be obtained in discovery." *Satterfield*, 2016 U.S. Dist. LEXIS 189275, at *9; *See also, Baker*, 2018 U.S. Dist. LEXIS 99013, at *14; *Harris v. Fisher-Price Inc.*, No. 1:13-CV-00076-KOB, 2013 U.S. Dist. LEXIS 189074, at *2 (N.D. Ala. October 24, 2013); *Tolbert v. High Noon Prods., LLC*, 4:18-CV-00680-KOB, 2019 U.S. Dist. LEXIS 2937, at *6, (N.D. Ala. January 8, 2019). First, Defendants request that Plaintiff produce the 504 Plan mentioned in Plaintiff's Complaint. Second, Defendants request that Plaintiff describe the alleged incidents and provide names of school faculty beyond the named principal of the school. Finally, Defendants'

request that Plaintiff describe the "causal link" between the alleged bullying and discrimination. Defendants' assert that Plaintiff's failure to disclose such detailed information indicates a desire to "circumvent a potential motion to dismiss." (Doc. 6, p. 3). Plaintiff has no obligation to assist Defendants in crafting a motion to dismiss. As such, Defendants' requests will be addressed in discovery and their Motion must be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court deny Defendants' Joint Motion for a More Definite Statement.

Respectfully submitted,

*/s/ Ashley R. Rhea*
Ashley R. Rhea
Bar Number: asb-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 533-1260
Email: arhea@rhealawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June 2019, I electronically filed the foregoing with the CM/ECF system for service on the following counsel of record:

John F. Whitaker
General Counsel
Diocese of Birmingham in Alabama
2121 Third Ave. North Birmingham, AL 35203
Telephone: (205) 776-7118
jwhitaker@bhmdiocese.org

W. Lee Gilmer
WHITE ARNOLD & DOWD P.C.
2025 Third Avenue North
Birmingham, AL 35203
Telephone: (205) 716-2087
lgilmer@whitearnolddowd.com

>                             */s/ Ashley R. Rhea*
>                             OF COUNSEL