FILED
2019 Nov-05 PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANDREA R., as parent and next friend of H.R., a minor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 2:19-cv-00752-SGC<br>) |
| DIOCESE OF BIRMINGHAM IN ALABAMA, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER[1]

The plaintiff, Andrea R., commenced this action as parent and next friend of H.R., her minor child, by filing a complaint naming as defendants the Diocese of Birmingham in Alabama (the "Diocese") and Sacred Heart of Jesus Catholic School ("Sacred Heart"). Before the court is a motion for a more definite statement filed by the defendants pursuant to Rule 12(e) of the *Federal Rules of Civil Procedure*. (Doc. 6). For the reasons discussed below, the motion is due to be denied.

**I. Complaint**

The plaintiff alleges as follows: H.R. suffers from several mental disorders, including major depression, anxiety, and attention deficit hyperactivity disorder.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 10).

(Doc. 1 at ¶ 3). When the plaintiff enrolled H.R. at Sacred Heart in August 2018, she delivered a copy of the "504 Plan" implemented for H.R. when he was a student at Oxford City Schools. (*Id.* at ¶ 8). When the plaintiff met with Sacred Heart's guidance counselor on September 17, 2018,[2] she discussed H.R.'s disabilities and need for support services and voiced concern students were verbally and physically harassing H.R. (*Id.* at ¶ 9).

The plaintiff admitted H.R. to Mountain View Hospital on or about September 25, 2018, after H.R. attempted suicide as a result of the harassment. (*Id.* at ¶ 10). H.R. received inpatient psychiatric care for approximately two weeks. (*Id.*). After returning to Sacred Heart, H.R. continued to be a target of harassment by his peers. (*Id.* at ¶ 11). Students continuously harassed H.R. during class, both verbally and through social media. (*Id.*). Students also physically assaulted H.R., causing physical injury, on numerous occasions. (*Id.*). The harassment occurred on Sacred Heart property in front of Sacred Heart staff. (*Id.*).

The plaintiff met with the Principal of Sacred Heart, Dr. Jeremiah Russell, on January 16, 2019. (*Id.* at ¶ 12). She expressed concern Sacred Heart was not providing H.R. with support services for his disabilities and that H.R. continued to suffer severe harassment by other students. (*Id.*). The harassment continued,

---

[2] The complaint, filed May 17, 2019, states the meeting occurred in September 2019, which would not be possible. Therefore, the undersigned assumes this is a typographical error and the meeting occurred in September 2018, following the H.R.'s enrollment at the school.

including incidents of harassment that caused physical injury. (*Id.* at ¶ 13). H.R. reported the harassment to Sacred Heart staff on several occasions. (*Id.*).

H.R.'s mental condition continued to deteriorate to the point he was experiencing suicidal thoughts. (*Id.* at ¶ 14). Moreover, because Sacred Heart failed to provide support services for his disabilities, H.R.'s academic performance suffered, and he could not fully participate in extracurricular activities with his non-disabled peers. (*Id.*). On multiple occasions, Sacred Heart disciplined H.R. instead of providing support services for his disabilities. (*Id.* at ¶ 15).

The plaintiff contacted the Diocese on or about February 25, 2019, regarding Sacred Heart's failure to provide support services for H.R.'s disabilities and the harassment suffered by H.R. at the school. (*Id.* at ¶ 16). When the plaintiff met with Dr. Russell on March 11, 2019, to discuss the harassment, Dr. Russell told the plaintiff that "parents make too much out of this bullying situation." (*Id.* at ¶ 17). The plaintiff withdrew H.R. from Sacred Heart on or about April 2, 2019, due to the school's repeated failure to provide support services for H.R.'s disabilities. (*Id.* at ¶ 18).

Based on the foregoing allegations, the plaintiff claims the defendants discriminated against H.R. on the basis of his disabilities, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

The plaintiff also asserts a breach-of-contract claim against the defendants for failing to abide by certain provisions of the Sacred Heart 2018-2019 Student Handbook (the "Handbook"). The plaintiff, H.R., and Sacred Heart were required to execute an acknowledgment of the Handbook, affirming they would observe the policies and contractual information contained in the Handbook. (Doc. 1 at ¶ 25). The Handbook indicates its contents are based on policies established by the Diocese, amongst other entities. (*Id.* at ¶ 26). According to the Handbook, Sacred Heart seeks "to provide a secure environment in which to challenge the mind, nurture the soul, and enlighten the spirit." (*Id.*). The Handbook states students are expected to "treat adults and peers with courtesy and respect," "promote the safety and well-being of all students," and "uphold the ideals" of Sacred Heart when using any electronic device, including for the purpose of posting on social media and sending text messages. (*Id.* at ¶ 27). The Handbook sets forth required disciplinary consequences for a student's violation of the foregoing expectations. (*Id.* at ¶ 28). According to the plaintiff, the defendants did not uphold the foregoing terms. (*Id.* at ¶ 29).

## II. Discussion

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P.

12(e). Proving a complaint is "so vague or ambiguous" as to reasonably preclude the preparation of a responsive pleading is a "very high standard" to meet. *Tolbert v. High Noon Prods., LLC*, 2019 WL 127363, at *3 (N.D. Ala. Jan 8, 2019). In applying Rule 12(e), Alabama federal district courts have held that "when a plaintiff fails to identify key facts, unduly increasing the burden of understanding the factual allegations, district courts may grant a [Rule] 12(e) motion for a more definite statement," *id.*, but that "a motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer," *Herman v. Continental Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996)). Moreover, "a party may not use a Rule 12(e) motion to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery." *Tolbert*, 2019 WL 127363, at *3 (citing *Herman*, 80 F. Supp. 2d at 1297).

The defendants claim they need the following information to respond to the complaint: (1) the form in which the 504 Plan was delivered, (2) a basic description of the support services Sacred Heart failed to provide, (3) a basic description of the key incidents of harassment, (4) a basic description of the causal link between the failure to provide support services and the harassment, (5) the dates on which the

harassment occurred and on which the harassment was reported to Sacred Heart employees, (6) the names, or at least generic identities (e.g., homeroom teacher), of Sacred Heart employees who received documentation of H.R.'s disabilities or had notice of the harassment,[3] (7) the identity of the person(s) with whom the plaintiff spoke at the Diocese, and (8) the manner in which Sacred Heart is alleged to have breached contractual duties. (Doc. 6).

Although the information sought by the defendants may be critical to disposition of the plaintiff's claims, it is not critical to the formulation of a responsive pleading. In other words, the undersigned concludes the complaint is not so vague or ambiguous that the defendants cannot prepare a response. The complaint gives the defendants sufficient notice of the claims asserted against them (a Section 504 discrimination claim and a breach-of-contract claim) and the bases for those claims (with respect to the discrimination claim, that H.R. did not receive the full benefit of a Sacred Heart education because Sacred Heart did not provide him with support services for his disabilities and his peers harassed him, and with respect to the breach-of-contract claim, that Sacred Heart failed to abide by certain provisions of the Handbook).[4] The undersigned notes that under the *Federal Rules of Civil*

---

[3] The undersigned notes the complaint identifies the guidance counselor at Sacred Heart, as well as the Principal of Sacred Heart (Dr. Russell), as having notice of H.R.'s disabilities and the harassment to which he was subjected. (Doc. 1 at ¶¶ 9, 12, 17).

[4] The undersigned expresses no opinion as to the legal sufficiency of the plaintiff's allegations.

6

*Procedure*, it is acceptable for a defendant to respond to an allegation of a complaint by stating it "lacks knowledge or information sufficient to form a belief about the truth of the allegation." FED. R. CIV. P. 8(b)(5). The defendants may seek the information identified in their Rule 12(e) motion through the discovery process.

**III. Conclusion**

For the foregoing reasons, the defendants' motion for a more definite statement (Doc. 6) is **DENIED**. The defendants **SHALL** file a response to the plaintiff's complaint within fourteen (14) calendar days from the entry date of this order.

**DONE** this 5th day of November, 2019.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

7