IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANDREA R., as parent and next friend of H.R., a minor,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **DIOCESE OF BIRMINGHAM IN ALABAMA, et al.,** | ) ) ) |
| **Defendants.** | ) ) |

CASE NO.: 2:19-cv-752-SGC

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, by and through her undersigned counsel, and files her Response to Defendant Diocese of Birmingham in Alabama and Defendant Sacred Heart of Jesus Catholic School's (hereinafter collectively "Defendants") Joint Motion for a More Definite Statement. Plaintiff respectfully requests that the Court deny Defendants' Motion and allow Plaintiff to conduct additional discovery.

**I.     Plaintiff Needs Additional Time To Conduct Discovery**

Rule 56(d) of the *Federal Rules of Civil Procedure* states, that if a nonmovant demonstrates "it cannot present facts essential to justify its opposition," then "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate

1

order." The Eleventh Circuit has "not required a party to file an affidavit to receive protection under this rule because, at times, justice requires postponing a ruling even where 'the technical requirements of Rule 56(d) have not been met.'" *Frazier v. Doosan Infracore Int'l, Inc.*, 479 Fed. Appx. 925, 931 (11th Cir. 2012) (citing *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1999)).

Defendants' Motion for Summary Judgment denies the Plaintiff her opportunity to develop the adequate record required to respond. The 11th Circuit states "summary judgment may only be decided upon an adequate record." *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988). "If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook v. Trust Co. of Georgia Bank, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988); *see also*, *Transcon. Gas Pipe Line Co. v. 6.04 Acres*, 910 F.3d 1130, 1155 (11th Cir. 2018) ("Generally, a district court should allow discovery before ruling on a motion for summary judgment.); *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion.").

2

Defendants filed their Motion for Summary Judgment disregarding that – as of April 1, 2020 – the parties still had roughly three months to complete discovery. The Court's Scheduling Order set a discovery deadline of June 11, 2020. [Doc. 25]. On March 17, 2020, Chief Judge L. Scott Coogler issued a General Order staying unexpired discovery deadlines for fourteen days in response to the COVID-19 pandemic. Plaintiff intends to serve Defendants written discovery which could be completed by the set discovery deadlines.

Additionally, Defendants' Motion for Summary Judgment disregards their own Motion to Compel. [Doc. 26]. On March 3, 2020, the Court granted Defendants' Motion to Compel Plaintiff's discovery responses. [Doc. 27]. On March 5, 2020, Plaintiff submitted her discovery responses to Defendants and notified them of subpoenas issued to medical providers that would complete her discovery responses. (Exhibit A). On March 18, 2020, Plaintiff produced to Defendants records received from Oxford Middle School and Oxford High School. (Exhibit B). On March 31, 2020, the Court issued a Standing Order instructing counsel not to seek discovery from healthcare professionals without leave of Court. [Doc. 30]. On April 13, 2020, Plaintiff produced medical records received from Purohit Pediatric Clinic after the subpoena response deadline. (Exhibit 3). In further compliance with the Court's Order, Plaintiff intends to produce psychiatric records from Mountainview Hospital which are essential in establishing H.R.'s disability.

**II.      Plaintiff's Additional Discovery Needed Is Essential to Her Claim**

A claim under Section 504 requires Plaintiff to prove that H.R. "(1) had an actual or perceived disability, (2) qualified for participation in the program, (3) was discriminated against because of his or her disability, and (4) the relevant program is receiving federal financial assistance." *Moore v. Chilton County Bd. of Educ.*, 936 F. Supp. 2d 1300, 1313 (M.D. Ala. 2013).

Defendants' assertion that Sacred Heart does not receive federal financial assistance does not take into account that "[a]n entity that does not receive federal financial assistance directly may nevertheless be covered by the Rehabilitation Act if it receives federal financial assistance indirectly." *Spann v. Word of Faith Christian Ctr. Church*, 589 F. Supp. 2d 759, 765 (S.D. Miss. 2008). The Court must view "the prohibition on discrimination applied to the **entire institution** and all of its operations, programs, and activities whenever it received any federal funds at all" (emphasis added). *Russo v. Diocese of Greensburg*, 2010 U.S. Dist. LEXIS 96338 at *11, Civil Action No. 09-1169 (W.D. Pa., Sept. 15, 2010). Therefore *Hunt v. St. Peter Sch.*, 963 F. Supp. 843, 849 (finding that receipt of federal funds for low-income students made private Catholic School a "recipient" under Section 504).

> For the purposes of this title, the term "program or activity" and "program" mean all of the operations of […] (3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship […] (ii) **which is principally engaged in the business of providing education**, health care, housing, social services, or parks and recreation […]

4

(emphasis added) 20 U.S.C. § 1687. As such, Defendants must provide evidence that the Diocese of Birmingham Catholic school system does not receive federal funding in order to circumvent Section 504. Plaintiff's Section 504 claim hinges upon the resolution of this issue.

## **CONCLUSION**

Plaintiff respectfully requests that the Court deny Defendant's Motion for Summary Judgment under Rule 56(d).

Respectfully submitted,

*/s/ Ashley R. Rhea*
Ashley R. Rhea
ASB-8736-H81O
Attorney for Plaintiff

**OF COUNSEL:**
RHEA LAW LLC
104 23rd Street South
Suite 100
Birmingham, AL 35233
Telephone: (205) 675-0476
Fax: (205) 386-4383
Email: arhea@rhealawllc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was served electronically via email and/or U.S. mail, First Class, postage prepaid upon all parties on April 22, 2020:

H. Eli Lightner, II
White Arnold & Dowd PC
2025 Third Avenue North
Birmingham, AL 35203
elightner@whitearnolddowd.com
Attorney for Defendants

John F. Whitaker
General Counsel
Diocese of Birmingham in Alabama
2121 Third Avenue North
Birmingham, AL 35203
jwhitaker@bhmdiocese.org
Attorney for Defendants

/s/ *Ashley R. Rhea*
OF COUNSEL